UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BRADY FOLLIARD, | ) ) ) ) | |
| Relator, | ) ) | |
| v. | ) ) ) | Civil Action No. 07-719 (RCL) |
| GOVERNMENT ACQUISITIONS, INC. | ) ) | |
| Defendant. | ) ) ) ) ) | |
| UNITED STATES OF AMERICA, *ex rel.* BRADY FOLLIARD, | ) ) ) ) | |
| Relator, | ) ) | |
| v. | ) ) | |
| GOVPLACE | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Relator Brady Folliard initiated this *qui tam* suit pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"). Folliard's complaint alleged that eight named defendants listed for sale and sold products under government contracts from non-designated countries, in violation of the Trade Agreements Act, 19 U.S.C. §§ 2501-2581 ("TAA"). All eight defendants filed motions to dismiss, which the Court granted as to six of the eight defendants, but denied as to defendants Government Acquisitions, Inc. ("GAI") and Govplace. *See generally* July 19, 2011 Mem. Op. [114]; July 19, 2011 Order [115]. The Court granted GAI and Govplace's motion to sever, retaining joint case management. *See* Sept. 27, 2011 Order [123]. Subsequently

each defendant moved for summary judgment. Folliard has filed motions to compel discovery, while each defendant has filed motions for protective orders. As explained below, each defendant's motion for summary judgment will be granted in part, plaintiff will be afforded the opportunity to amend his oppositions as to the remaining issues, and the parties' current discovery motions will be dismissed without prejudice.

## II.   BACKGROUND

This is a *qui tam* action in which Folliard alleges violations of the FCA by GAI and Govplace by listing for sale and for selling products in violation of the TAA.

### A. Basis for the Complaint

Defendants are information technology providers who each supply products to United States government agencies under separate General Services Administration ("GSA") Multiple Awards Schedule Contracts ("GSA Schedule"). *See* Gov't Acquisitions Inc.'s Mem. P. & A. Supp. Mot. Summ. J. [126] ("GAI P. & A.") at 1; Def. Govplace's Mot. Summ. J. [129] ("Govplace MSJ") at 1, 5-6. These contracts are covered by the TAA, which bars the federal government, *inter alia*, from purchasing end-products that originate in non-designated countries. Corrected Second Am. Compl. [37] ("Compl.") ¶ 40. Federal Acquisition Regulation ("FAR") 52.225-5(a) lists designated countries for purposes of the TAA; the federal government is prohibited from purchasing products from any country not so listed.

Folliard alleges that GAI knowingly listed five products on its GSA Schedule as having originated in the United States when they allegedly originated in non-designated countries, and that GAI sold six products that originated in non-designated countries. Compl. ¶¶ 93-101. Folliard alleges that Govplace knowingly listed twenty-three products on its GSA schedule as having originated in the United States when they allegedly originated in non-designated countries, and that Govplace sold ten products that originated in non-designated countries.

Compl. ¶¶ 113-18.  These listings and sales form the basis of Folliard's claims of violation of the FCA.  Compl. ¶¶ 134-51.

The FCA, 31 U.S.C. § 3279 *et seq.*, was amended by the Fraud Enforcement Recovery Act ("FERA") in 2009. *See generally* Pub. L. No. 111-21, 123 Stat. 1617 (2009).  The FCA provisions relevant to this case involve (1) presenting fraudulent claims for payment and (2) knowingly making false statements or records to obtain payment.  The presentment clause was renumbered from 31 U.S.C. § 3279(a)(1) to 31 U.S.C. § 3279(a)(1)(A) in FERA, which also removed language requiring that the claim be presented to an officer or employee of the government or armed forces.  *See* Pub. L. 111-21 § 4(a).  The false statement clause was renumbered from 31 U.S.C. § 3279(a)(2) to 31 U.S.C § 3279(a)(1)(B) in FERA, which changed the language from "false record or statement to get a false or fraudulent claim paid or approved by the government" to "statement material to a false or fraudulent claim."  *See id.*  The false statement clause was also made retroactive to June 28, 2008, while the presentment clause was effective the date of enactment.  *See id.* § 4(f).

Because of the dates of the alleged infractions and the enactment of FERA, Folliard makes four claims against GAI and Govplace: (1) allegations under the pre-FERA presentment clause for acts prior to May 20, 2009 (Count I, Compl. ¶¶ 134-37), (2) allegations under the post-FERA presentment clause for acts after May 20, 2009 (Count II, Compl. ¶¶ 138-41), (3) allegations under the pre-FERA false statement clause for acts prior to June 7, 2008 (Count III, Compl. ¶¶ 142-46), and (4) allegations under the post-FERA false statement clause for acts after June 7, 2008 (Count IV, Compl. ¶¶ 147-51).

### B. Procedural History

Folliard filed this *qui tam* action under seal in April 2007, alleging violations of the FCA. *See generally* Apr. 20, 2007 Compl. [1].  Pursuant to 31 U.S.C. § 3730, the government was

required to decide whether to intervene in this case, and in May 2010, finally determined that it would not. *See* Notice of Election to Decline Intervention [13]. The case was unsealed on June 2010. *See* June 17, 2010 Order [32]. Folliard filed his Corrected Second Amended Complaint in October 2010. *See generally* Compl.

GAI and Govplace filed Motions to Dismiss in December 2010. *See generally* Def. Gov't Acquisitions Inc.'s Mot. Dismiss Relator's Corrected Second Am. Compl. [81]; Def. Govplace's Mot. Dismiss Relator's Corrected Second Am. Compl. [75]. In July 2011, this Court denied each defendant's motion. *See* July 19, 2011 Mem. Op. [114]; July 19, 2011 Order [115]. The defendants jointly filed a motion to sever, which this Court granted, except that case management was to remain joined. *See* Sept. 27, 2011 Order [123].

GAI filed for summary judgment in November 2011, and Govplace filed for summary judgment in December 2011. See Gov't Acquisitions Inc.'s Mot. Summ. J. [126]; Govplace MSJ. Subsequently the parties have filed a number of motions regarding discovery.

### III.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure state that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The standard requires more than the existence of some factual dispute: "the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (1986) (emphasis in original). A fact is a material fact if, under the applicable law, it could affect the outcome of the case. *Id.* A dispute is a genuine dispute for summary judgment purposes if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Also, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of

a judge," the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  A nonmoving party, however, must establish more than "the existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  See *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  The nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.*  If the evidence presented is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50.

Federal Rule of Civil Procedure 56(d)[1] allows a court to deny a motion for summary judgment or defer deciding the motion if the nonmoving party shows that it cannot present facts essential to justify its opposition.  *McWay v. LaHood*, 269 F.R.D. 35, 38 (D.D.C. 2010).  Rule 56(d) is provided to ensure that the non-moving party isn't "railroaded" by a premature motion for summary judgment.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986).  However, the burden is on the party making a Rule 56(d) request to "state concretely" why additional discovery is needed.  *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (citations and internal edits omitted).  The party seeking relief under Rule 56(d) must do more than offer "'conclusory assertion[s] without any supporting facts' to justify the proposition that the discovery sought will produce the evidence required." *Id.* (citations omitted).  The decision to grant relief under Rule 56(d) is within the discretion of the district court.  *McWay*, 269 F.R.D. at 38.

---

[1] Former Rule 56(f) was renumbered to 56(d) in 2010, without making any substantive changes to the provisions thereof.  *See* Fed. R. Civ. P. 56 Comm. Notes on Rules – 2010 Amendments.

## IV.   ANALYSIS

For there to be a violation under the False Claims Act, there must first be a false claim. Where no claim for payment has been alleged, as a matter of law, there can be no violation. Folliard's complaint alleges both improper listing of products for sale, as well as improper sales. Because listings unconnected to sales cannot violate the FCA, summary judgment will be granted as to each defendant insofar as the claims address only allegedly-improper listings unconnected to allegations of improper sales.

With respect to the remaining allegations of improper sales, the Court is not yet prepared to render a decision on the summary judgment motions.  All parties have misconstrued the Court's intent in its Memorandum Opinion supports denial of defendants' motions to dismiss. Each party will be directed to amend their filings consistent with this analysis, and the Court will determine whether summary judgment is warranted as to either or both defendants upon receipt of those filings.  The parties' current discovery motions will be dismissed without prejudice, and the broader issue of discovery will be considered if summary judgment is denied.

### A.   Partial Summary Judgment Is Warranted as to Allegations of Improper Listings Not Connected to Allegations of Improper Sales

Folliard alleges that GAI and Govplace violated the FCA by "falsely represent[ing] the country of origin of products that it sold and *offered for sale* to the United States Government . . . ." Compl. ¶¶ 145, 150 (emphasis added).  Interpretation of the false statement clause of the FCA was not changed by the FERA, therefore analysis of Claims III and IV is the same. *See United States ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 33-36 (D.D.C 2010) (concluding that under either version of the statute, the plaintiff must demonstrate the existence of a false claim, not just a false statement).

The FCA bars false demands for payment, and false statements made to induce such payments. *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551 (D.C. Cir. 2002) ("[T]he FCA, in other words, 'attaches liability, not to underlying fraudulent activity, but to the claim for payment.'" (internal citations and quotation marks omitted)). In a case with facts quite similar to the instant case, a relator alleged that the defendant had violated the FCA by listing products for sale via the GSA Advantage! website while improperly representing the country of origin of those products. *See United States ex rel. Crennen v. Dell Mktg. L.P.*, 711 F. Supp. 2d 157, 160 (D. Mass. 2010). The court noted that listing products for sale on a website fails to demonstrate that products were actually sold to the government, *id.* at 162, and that the relator had failed to allege a claim or "planned" claim connected to the product listings. *Id.* at 164. The defendant's motion to dismiss was granted. *Id.* ("The Court declines . . . to hold a defendant liable under the FCA for a false statement without allegations of a specific planned false claim.").

This same issue has arisen in other cases that Folliard himself has filed. *See CDW Tech. Servs., Inc.*, 722 F. Supp. 2d at 30 ("Absent an allegation that these listings were related to purchases, no inference can be drawn that false claims for payment were submitted."); *United States ex rel. Folliard v. Hewlett-Packard Co.*, 272 F.R.D. 31, 35 (dismissing relator's complaint which alleged only improper listings because "to properly plead a § 3729(a)(2) violation, a plaintiff must nevertheless allege that a false claim does, in fact, exist"). In the instant case, unlike the cases cited, Folliard's complaint contains allegations of both improper listings *and* improper sales, and hence GAI's and Govplace's motions to dismiss were denied. *See* July 19, 2011 Mem. Op. [114] at 18-20. However, insofar as the complaint fails to connect allegations of improper listings to allegations of improper sales, Claims III and IV fail as a matter of law. Therefore, summary judgment as to those allegations is warranted

### B. The Parties Have Misconstrued This Court's Intent in Its Memorandum Opinion Supporting Denial of Defendants' Motions to Dismiss.

While the Court is granting partial summary judgment as to allegations of improper product listing, the allegations regarding improper sales sufficiently allege claims under the FCA, and hence the parties need to present their case as to the remaining allegations. However, the parties have misconstrued what the Court wrote in its prior opinion regarding the complexity of discovery and the timing of motions for summary judgment.

The defendants have taken the Court's statement regarding timely summary judgment filings out of context. GAI MSJ P. & A. at 5 n.3 ("GAI understands 'heels of the complaint[]' . . . to mean that summary judgment could be filed and decided before . . . discovery . . . ."); Govplace MSJ at 4-5 (arguing that the Court "invited Govplace to file an early motion for summary judgment"). Both defendants are relying on a fragment of a quote in the Court's order: "'with a summary judgment following on the heels of the complaint if . . . records discredit the complaint's particularized allegations.'" July 19, 2011 Mem. Op. [114] at 21 (quoting *CDW Tech. Servs., Inc.*, 722 F. Supp. 2d at 33). However, GAI and Govplace seem to have missed the clause that directly preceded that quote: "Discovery can be pointed and efficient[.]" *Id.* Clearly the Court did not intend to imply that summary judgment should proceed with *no* discovery by Folliard.

Conversely, the Court did not invite open-ended discovery by Folliard. The scope of Folliard's discovery requests has led the parties to file a series of motions to compel and for protective orders, and Folliard's opposition to the defendants' summary judgment motions are largely unresponsive, arguing that Folliard is unable to respond due to lack of any production from the defendants. *See* Pl.'s Mem. Law Opp. Def. Gov't Acquisitions, Inc.'s Mot. Summ. J. ("Opp. GAI MSJ") [130] at 2-4; Pl.'s Mem. Law Opp. Def. Govplace's Mot. Summ. J ("Opp.

Govplace MSJ"). [134] at 2-4. Folliard's responses to each defendant's Statement of Material Facts consists largely of boilerplate statements to explain his inability to respond effectively to the motion. *See, e.g.,* Opp. GAI MSJ Statement of Genuine Issues [130-1] at 3 ("Since GAI has filed this 'premature motion for summary judgment before [Plaintiff] has had an opportunity to make full discovery,' at this point in the litigation, Plaintiff lacks the information and evidence necessary to respond to this purported undisputed material fact." (citation omitted)).

Each defendant seized on this boilerplate language in their replies to argue that the opposition was not properly responsive to their summary judgment motions and that the Court should grant their motions on that basis. *See* Def. Gov't Acquisitions Inc.'s Rep. Pl.'s Opp. Summ. J. [140] at 16-18; Def. Govplace's Rep. Supp. Mot. Summ. J. [142] at 2. However, the Court is reticent to grant summary judgment on such a basis, as this would reward the defendants for misconstruing the Court's earlier opinion, and allow defendants to dictate to Folliard what discovery is appropriate for Folliard's own case. As the Court noted, "Folliard deserves his bite at the apple, and this Court will not deny him that opportunity where his allegations so strongly suggest that something questionable may be afoot." July 19, 2011 Mem. Op. [114] at 23.

However, Folliard also misconstrued the Court's statements in its earlier opinion by claiming that the Court was requiring GAI and Govplace to provide broad discovery prior to considering summary judgment motions. *See, e.g.*, Opp. GAI MSJ at 11 ("Significantly, this Court has stated that 'discovery can be pointed and efficient' in this case and has rejected the notion that 'discovery will be burdensome and inconvenient.'"). But this ignores the context of the Court's statement:

> His description of the alleged misrepresentations of product compliance and *inclusion of specific procurement orders for those products* allows his complaint to survive . . . Defendants have more than enough information to 'defend against the charge and not just deny that they have done anything wrong.' They argue

9

that discovery will be burdensome and inconvenient, *but with the procurement orders in hand*, that is simply not the case.

July 19, 2011 Mem. Op. [114] at 21 (emphasis added) (citations omitted). It is clear from the highlighted clauses that the Court was referring to discovery related to the specific procurement orders enumerated in the complaint.

Folliard's invocation of Rule 56(d) was improperly framed, as a Rule 56(d) request must "state concretely" why additional discovery is needed. *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (citations and internal edits omitted). Conclusory statements that discovery will produce the evidence required to respond do not suffice. *Id.* At the same time, Rule 56(d) exists to ensure that the non-moving party isn't "railroaded" by the moving party, *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986), and arguably this is exactly what the defendants have done by filing for summary judgment ahead of *any* discovery.

Folliard's complaint identifies GAI's allegedly-improper sales as "representative" of GAI's behavior, speculating that more such allegedly-improper sales will be uncovered.[2] Compl. ¶ 101. However, as GAI notes, if Folliard cannot respond to the sales he lists as "representative," he should not be entitled to discovery for other sales, not alleged in the complaint, on which he might prevail. *See* Def. Gov't Acquisitions Inc.'s Rep. Pl.'s Opp. Summ. J. [140] at 6. As this Court's prior opinion stated, summary judgment should be decided on the basis of the allegations in the complaint. July 19, 2011 Mem. Op. [114] at 21 ("the procurement orders *in hand*" (emphasis added)).

Therefore, in order to address summary judgment without prejudice to either party based on the other side's misinterpretation of the Court's prior statements, Folliard will be allowed to amend his opposition to each defendant's summary judgment motion, limited to the specific

---

[2] No such allegation is made towards Govplace. The complaint only lists a specific set of sales without reference to other sales to be discovered   Compl. ¶ 118.

sales the complaint alleges as to each defendant. If Folliard invokes Rule 56(d) in his opposition, the request must describe the necessary discovery with specificity. Once Folliard has filed his amended responses, GAI and Govplace will be allowed to file amended replies. The Court will then decide each defendant's summary judgment request, and if Folliard prevails as to either or both defendants on the specific sales alleged in the complaint, the question of further discovery will be ripe.

## V. CONCLUSION

Where a GSA Schedule lists products which allegedly originated in non-designated countries, absent allegations that these listings are connected to actual sales to the government, no violation of the FCA can be sustained, and the defendant is entitled to judgment as a matter of law with respect to those allegations. Therefore, partial summary judgment will be granted on Claims III and IV, to the extent that those claims assert a violation of the FCA on the basis that the product was allegedly offered for sale, but no actual sales of that product was alleged.

Because the parties have misconstrued the Court's discussion in denying defendants' motions to dismiss, deciding summary judgment on the remaining issues is premature. Folliard will file an amended opposition to each defendant's summary judgment motion, limited to the allegedly-improper sales enumerated in the complaint. Any Rule 56(d) request as part of the amended oppositions must state the required discovery with specificity. After defendants then file their amended replies, the Court will decide summary judgment. If Folliard prevails as to either or both defendants, then questions of further discovery will be ripe. Therefore, the parties' current discovery motions will all be dismissed without prejudice.

A separate order consistent with this memorandum opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on May 3, 2012.