## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BRADY FOLLIARD,<br><br>                 Plaintiff,<br><br>    v.<br><br>GOVERNMENT ACQUISITIONS, INC.<br><br>                 Defendant.<br><br>UNITED STATES OF AMERICA, *ex rel.* BRADY FOLLIARD,<br><br>                 Plaintiff,<br><br>    v.<br><br>GOVPLACE,<br><br>                 Defendant. | Civil Action No. 07-719 (RCL) |

## MEMORANDUM OPINION

This action, which is brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729–3733, is before this Court on defendant Government Acquisitions, Inc.'s ("GAI") Motion [126] for Summary Judgment and defendant Govplace's ("GP") Motion [129] for Summary Judgment. For the reasons set forth below, defendant GAI's Motion for Summary Judgment will be granted and defendant GP's Motion for Summary Judgment will be granted in part and denied in part.

### I.      Introduction

Relator Brady Folliard initiated this *qui tam* suit pursuant to the Federal False Claims Act, 31, U.S.C. §§ 3729–3733 ("FCA").  Folliard's complaint alleged that eight named

1

defendants listed for sale and sold products under government contracts from non-designated countries, in violation of the Trade Agreements Act ("TAA"), 19 U.S.C. §§ 2501–2581.   All eight defendants filed motions to dismiss, which the Court granted as to six of the defendants. *See generally* July 19, 2011 Mem. Op. [114]; July 19, 2011 Order [115].   Two defendants remain: GAI and GP.   The Court granted their motion to sever, but retained joint case management.   *See* Sept. 27, 2011 Order [123].   In its most recent ruling, the Court granted in part defendants' Motions [126; 129] for Summary Judgment.   *See* Mem. Op. [156].   After dismissing Counts III and IV against both defendants,[1] the Court instructed plaintiff to submit an amended opposition to defendants' Motions for Summary Judgment.   May 3, 2012 Order [155].   Plaintiff was specifically instructed to address only very limited issues regarding each defendant.[2]  *Id.* at 2.   Defendants then submitted amended replies [159; 161].   With a complete record, the Court can make a final determination on the remaining summary judgment issues.

## II.   Background

### *a.     Basis for the Complaint*

Defendants are information technology providers who each supply products to United States government agencies under separate General Services Administration ("GSA") Multiple Awards Schedule Contracts ("GSA Schedule").   *See* GAI's Mem. P&A Supp. Mot. Summ. J. [126] ("GAI P&A") at 1; GP's Mot. Summ. J. [129] at 1, 5–6.   These contracts are covered by the TAA, which bars the federal government, *inter alia*, from purchasing end-products that originate in non-designated countries.   Corrected Second Am. Compl. [37] ("Compl.") ¶ 40.

---

[1] These counts alleged a TAA violation based on defendants' listings of products for sale.   However, the Court found that a TAA violation cannot occur without a sale.   *See United States* ex rel. *Totten v. Bombardier Corp.*, 286 F.3d 542, 551 (D.C. Cir. 2002); *United States* ex rel. *Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d  20, 30 (D.D.C. 2010).

[2] Plaintiff's amended opposition was explicitly limited to paragraphs 100, 101, 117 and 118 of his Second Amended Complaint [37], and Rule 56(d) requests.   May 3, 2012 Order [155] at 2.

Federal Acquisition Regulation ("FAR") 52.225-5(a) lists designated countries for purposes of the TAA; the federal government is prohibited from purchasing products from any country not listed.

Plaintiff alleges that GAI knowingly sold six products that originated in non-designated countries. Compl. ¶¶ 101–01. He alleges that GP knowingly sold ten products that originated in non-designated countries. *Id.* ¶¶ 117–18. With the dismissal Counts III and IV, these sales now form the basis of what remains of Folliard's complaint. *Id.* ¶¶ 134–41.

The FCA, 31 U.S.C. § 3279 *et seq.*, was amended by the Fraud Enforcement Recovery Act ("FERA") in 2009. *See generally* Pub. L. No. 111–12, 123 Stat. 1617 (2009). The FCA provisions relevant to this case involve (1) presenting fraudulent claims for payment and (2) knowingly making false statements or records to obtain payment. The presentment clause was renumbered from 31 U.S.C. § 3279(a)(1) to 31 U.S.C. § 3279(a)(1)(A) in FERA, which also removed language requiring that the claim be presented to an officer or employee of the government or armed forces. *See* Pub. L. 111–12 § 4(a). The false statement clause was renumbered from 31 U.S.C. § 3279(a)(2) to 31 U.S.C. § 3279(a)(1)(B) in FERA, which changed the language from "false record or statement to get a false or fraudulent claim paid or approved by the government" to "statement material to a false or fraudulent claim." *See id.* The false statement clause was also made retroactive to June 28, 2008, while the presentment clause was effective the date of enactment. *See id.* §4(f).

Because of the dates of the alleged infractions and the enactment of FERA, Folliard makes two claims against GAI and GP: (1) allegations under the pre-FERA presentment clause for acts prior to May 20, 2009 (Count I, Compl. ¶¶ 134–37), and (2) allegations under the post-FERA presentment clause for acts after May 20, 2009 (Count II, Compl. ¶¶ 138–41).

*b.*      *Procedural History*

Folliard filed this *qui tam* action under seal in April 2007, alleging violations of the FCA. *See generally* Apr. 20, 2007 Compl. [1].  Pursuant to 31 U.S.C. § 3730, the government was required to decide whether to intervene in this case, and in May 2010, finally determined that it would not.  *See* Notice of Election to Decline Intervention [13].  The case was unsealed in June 2010.  *See* June 17, 2010 Order [32].  Folliard filed his Corrected Second Amended Complaint in October 2010.

GAI and Govplace ("GP") filed Motions to Dismiss in December 2010.  *See generally* GAI's Mot. Dismiss Relator's Corrected Second Am. Compl. [81]; GP's Mot. Dismiss Relator's Corrected Second Am. Compl. [75].  In July 2011, the Court denied both defendants' motions. *See* July 19, 2011 Mem. Op. [114]; July 19, 2011 Order [115].  The defendants jointly filed a motion to sever, which the Court granted, except that case management was to remained joined. *See* Sept. 27, 2011 Order [123].

GAI filed for summary judgment in November 2011, and GP filed for summary judgment in December 2011.  *See* GAI's Mot. Summ J. [126]; GP's Mot. Summ. J. [129].  These motions were granted in part, with the Court dismissing Counts III and IV.  *See* May 3, 2012 Mem. Op.; May 3, 2012 Order.  Plaintiff filed his Supplemental Memorandum in Opposition [157] to GAI's Motion for Summary Judgment and Supplemental Memorandum in Opposition [158] to GP's Motion for Summary Judgment on May 17, 2012.  Both defendants submitted replies [159; 161]. The issue of summary judgment is now ripe for the Court's determination.

### III.      Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The standard requires more than the existence of some factual dispute; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247–48 (emphasis in original).  A fact is material if, under the applicable law, it could affect the outcome of the case.  *Id.*  A dispute is genuine for summary judgment purposes if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Also, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," the "evidence of the non-movant is to be believed, and all justifiable are to be drawn in his favor."  *Id.* at 255.  A nonmoving party, however, must establish more than "the existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, he may not rely solely on allegations or conclusory statements.  *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  The nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.*  If the evidence presented is "merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249–50.

A proper FCA claim is composed of three elements: (1) the defendant presented a claim for payment or approval to the government, (2) the claim was "false or fraudulent," and (3) the defendant acted knowing that the claim was false.  *United States* ex rel. *Schwedt v. Planning Research Corp.*, 59 F.3d 196, 198 (D.C. Cir. 1995).  The defendant must provide at least some evidence about each element to survive summary judgment.  *See United States* ex rel. *Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 71 (D.D.C. 2007) (holding when a relator cannot "point to a single, specific false claim" or sufficiently describe one, he has "failed to create a triable issue of fact.").

Federal Rule of Civil Procedure 56(d)[3] allows a court to deny a motion for summary judgment or defer deciding the motion if the nonmoving party shows that it cannot present facts essential to justify its opposition.  *McWay v. LaHood*, 269 F.R.D. 35, 38 (D.D.C. 2010).  Rule 56(d) is provided to ensure that the non-moving party isn't "railroaded" by a premature motion for summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  However, the burden is on the party making a Rule 56(d) request to "state concretely" why additional discovery is needed.  *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (citations and internal edits omitted).  The party seeking relief under Rule 56(d) must do more than offer "'conclusory allegation[s] without any supporting facts' to justify the proposition that the discovery sought will produce the evidence required."  *Id.* (citations omitted).  The decision to grant relief under Rule 56(d) is within the discretion of the district court.  *McWay*, 269 F.R.D. at 38.

### IV.    Analysis

#### a.  Defendant GAI's Motion for Summary Judgment

Plaintiff was ordered to amend his opposition to GAI's Motion for Summary Judgment and instructed that his opposition must be "addressed solely to the transactions alleged in ¶¶ 100–01 of the Corrected Second Amended Complaint, and any request made pursuant to Rule 56(d) in that opposition must describe the necessary discovery with specificity[.]"  May 3, 2012 Order ("Order") [155] at 2.  The subject matter of those paragraphs is product number GH715AW, which plaintiff alleges was sold in violation of TAA.  Compl. ¶¶ 100–01.  No other products were to be discussed, since they all fell outside paragraphs 100–01.  *See* May 3, 2012 Mem. Op. [156]; Order at 1–2.

---

[3] Former Rule 56(f) was renumbered to 56(d) in 2010, without making any substantive changes to the provisions thereof.  *See* Fed. R. Civ. P. Comm. Notes on Rules – 2010 Amendments.

Despite the Court's clear directive limiting the focus of this litigation, plaintiff filed an inordinate amount of irrelevant, unresponsive paperwork. For instance, his Supplemental Opposition [157] comprises 18 pages, which includes an additional fifteen attachments.[4] Among them was a Supplemental Statement of Genuine Issues [157-15], which totals 40 pages. The subject matter of paragraphs 100 and 101, which is to be the *sole* subject matter of plaintiff's supplemental opposition, does not arise until page 36 of this document. The Court will not tolerate litigants completely disregarding its orders. They are not suggestions. Yet, plaintiff explicitly claims otherwise: "[E]ven though the Court stated that Plaintiff's opposition should focus only on the allegations set forth in the Complaint, Plaintiff submits that he is entitled to rely upon transactions beyond those alleged in the Complaint to defeat summary judgment." Supplemental Opp'n to GAI's Mot. Summ. J. ("Opp'n to GAI") at 13. Plaintiff is entitled neither to rely on transactions outside his complaint nor to treat this Court's orders as anything less than controlling. In fact, a Ninth Circuit case plaintiff himself cites held, "[T]he district court may tailor limited discovery before again entertaining a motion for summary judgment. Discovery should proceed in accordance with the district court's guidance and oversight, with violations sanctionable under Fed. R. Civ. P. 37." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 775 (9th Cir. 2003) (internal citations omitted). The Court strongly cautions plaintiff to think twice before flippantly violating the Court's instructions.

That said, the Court turns to the issue at hand: summary judgment as to paragraphs 100 and 101 of plaintiff's Complaint. Count II of the Complaint states, "Defendants knowingly submitted, and caused to be submitted, false or fraudulent claims for payment and reimbursement by the United States Government *after May 20, 2009 . . . .*" Compl. ¶ 140

---

[4] Incredibly, product number GH715AW appears for the first time on page 15. *See* Opp'n to GAI.

(emphasis in original).  All six alleged transactions occurred prior to May 20, 2009.  *See* Compl. ¶ 101 (alleging sales only in September 2007).  Because these are the only transactions that remain at issue with GAI and Count II is limited to transactions after May 20, 2009, it can be dismissed as to GAI.  This leaves only Count I, making the same allegation for transactions prior to May 20, 2009.  *See* Compl. ¶¶ 134–37.

The parties' arguments are relatively simple.  Plaintiff alleges that GAI sold computers with product number GH715AW to the government, knowing that their Country of Origin (COO) violated TAA.[5]  *See* Compl. ¶¶ 100–01. GAI counters that while computers were sold to the government, their product number was not GH715AW, and their serial numbers show that their COO was Mexico—a TAA-approved country.  *See* GAI's Mot. Summ. J. at 13; GAI's Reply at 3.  Essentially, GAI argues that while it did sell computers, it didn't sell the computers plaintiff alleges it did.

Plaintiff presents two arguments in his Supplemental Opposition: (1) summary judgment is inappropriate because GAI has refused to provide discovery, and (2) material disputed issues exist within the record.  The Court will address each of these in turn.

### 1.   Discovery

Plaintiff argues, *ad nauseam*, that he is unable to properly respond to GAI's Motion for Summary Judgment because he has had an insufficient opportunity to conduct discovery and that summary judgment is inappropriate under Federal Rule 56(d).[6]  The Court has not intended for summary judgment to proceed with *no* discovery by Folliard, who "deserves his bite at the

---

[5] Though plaintiff insists that further discovery will uncover more illegal transactions by GAI, the Court has made it clear that at this time, the only transactions at issue are the six listed in paragraph 101 of the Complaint.  As the Court has already written, "[I]f Folliard cannot respond to the sales he lists as 'representative,' he should not be entitled to discovery for other sales, not alleged in the complaint, on which he might prevail." May 3, 2012 Mem. Op. at 10.

[6] Plaintiff cites the lack of discovery as the basis for not refuting no fewer than 18 of GAI's material facts.  *See* [157-15].  Furthermore, 14 of the 17 pages of plaintiff's Supplemental Opposition deal with discovery arguments wholly unrelated to product number GH715AW.

apple." May 3, 2012 Mem. Op. at 8–9. "Pre-discovery summary judgment motions are usually premature and hence disfavored." *Thompson v. Fathom Creative, Inc.*, 62 F. Supp. 2d 48, 53 (D.D.C. 2009) (quoting *Bourbeau v. Jonathan Woodner Co.*, 600 F. Supp. 2d 1, 3 (D.D.C. 2009)). However, the Court "did not invite open-ended discovery by Folliard." May 3, 2012 Mem. Op. at 8. The Court has chosen to tailor discovery and expects the scope of this litigation to remain within the bounds it has set. The current discovery-related arguments must relate to paragraphs 100 and 101 of the Complaint, which relate solely to product number GH715AW. Order at 2. Only "if Folliard prevails . . . on the specific sales alleged in the complaint" will the question of further discovery be ripe. May 3, 2012 Mem. Op. at 11.

Since the Court did not intend for summary judgment with *no* discovery by plaintiff, the threshold question is whether there has been at least *some* discovery. Plaintiff argues that GAI did not adequately respond to his interrogatories, thereby making summary judgment premature. Opp'n to GAI at 6. He cites two Third Circuit cases, both of which held that summary judgment was inappropriate while a party's interrogatories remained unanswered. *See id.* at 7–8 (citing *Costlow v. United States*, 552 F.2d 560 (3d Cir. 1977); *Sames v. Gable*, 732 F.2d 49 (3d Cir. 1984)). However, these cases are distinguishable from the facts at hand. While *Costlow* and *Sames* had outstanding interrogatories that remained unanswered, plaintiff received responses to his interrogatories three days after defendants' filing for summary judgment. Plaintiff does not contend that, like *Costlow* and *Sames*, discovery continues to remain outstanding. Instead, he states, "GAI has not amended its responses to the first round of discovery by providing substantive answers to Plaintiff's interrogatories." Opp'n to GAI at 5. Just because plaintiff's interrogatories were not answered in the manner he would prefer, it does not logically follow that they were not answered at all. Plaintiff accuses GAI of "improperly assert[ing] boilerplate

objections to all of Plaintiff's interrogatories three days after it filed the instant motion and fail[ing] to provide any of the requested information necessary for Plaintiff to adequately respond to GAI's motion for summary judgment." *Id.* at 6. The Court is unable to find caselaw supporting plaintiff's apparent contention that "boilerplate" objections are equivalent to not answering the interrogatories at all, and thereby preclusive of summary judgment. Based on the facts in the record, the Court finds the interrogatories to have been answered, and at least *some* discovery to be conducted.

The next question is whether *enough* discovery has been conducted to allow for a proper summary judgment determination. Summary judgment is proper only "after adequate time for discovery . . . ." *Celotex*, 477 U.S. at 322. The district court has the discretion to decide whether circumstances of the case warrant additional discovery. *McWay*, 269 F.R.D. at 38 (citing *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002)). In this case, the only remaining issue between the parties is the sale of product number GH715AW. *See* Order at 2. GAI has presented much evidence to prove that it never sold product number GH715AW is undisputed: emails, multiple declarations, purchase orders, and serial numbers. *See* GAI's Statement of Undisputed Material Facts ("SUMF") [126] ¶ 32(b) and (c); Exs. 10, 29–34. Plaintiff simply responds that he disputes this material fact—that HP worksheets always show product number GH715AW as originating in China (a non-TAA approved country). *See* Pl.'s Supplemental Statement of Genuine Issues [157-15] at 37. Plaintiff argues, "[B]efore the extreme determination of summary judgment is rendered, Plaintiff is entitled to conduct discovery, pursuant to Federal Rules of Civil Procedure 56(d), regarding GAI's knowledge of the fact that *the products they sold* to the Government originated from non-approved countries." Opp'n to GAI at 1 (emphasis added). Plaintiff asks for additional discovery regarding products he presumes have been sold to

the government, but that is precisely the issue.  Conclusory statements that GH715AW was actually sold will not suffice.  *See Anderson*, 477 U.S. at 249–50.

In this Circuit, a 56(d) movant must satisfy three requirements through submission of an affidavit.  First, he must explain the particular facts he intends to discover and why they are necessary to the litigation.  *Convertino v. DOJ*, 2012 WL 2362591 at *5 (D.C. Cir. 2012) (citing *Byrd v. EPA*, 174 F.3d 239, 248 (D.C. Cir. 1999)).  Second, he must explain why he could not produce the facts in his opposition to summary judgment.  *Id.* (citing *Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999)).  Finally, he must demonstrate that the facts are actually discoverable.  *Id.* (citing *Messina*, 439 F.3d at 762).  The Court will analyze these elements in turn.

First, plaintiff is required to explain, in detail, what facts discovery will yield and how they contribute to his case.  Here, plaintiff provided an affidavit by his counsel, Vince McKnight.  *See* McKnight Decl. [157-2].  In stunning defiance of Court-ordered discovery limitations, neither paragraphs 100 and 101 of the Complaint nor product GH715AW are *ever* mentioned.  Mr. McKnight states that GAI "has all but acknowledged that it sold products to the Government that are not TAA compliant[,]" but offers no evidence to back his assertion.  *Id.* ¶ 24.  Instead of specifying facts to be discovered, Mr. McKnight writes,

> Plaintiff requests the opportunity to conduct discovery regarding GP's scienter . . . .  With respect to all of GAI's defenses, especially its claim of ignorance and its assertion that it somehow had no obligation to sell products made in TAA-compliant countries, Plaintiff is entitled to conduct discovery on this issue.  Again, given the shear magnitude of its sale of products from non-TAA compliant countries, there is a very strong likelihood that discovery will determine that questions of fact exist regarding its feigned ignorance defense.

*Id.* ¶¶ 24–25. First, defendant Govplace ("GP") is not the subject of this opposition and discovery related to its scienter has no relevance to GAI's sales.[7] Next, even though all reasonable inferences must be drawn in plaintiff's favor, *Anderson*, 477 U.S. at 255, the Court can only interpret the phrase "there is a very strong likelihood that discovery will determine that questions of fact exist" to mean that plaintiff admits that there currently are no questions of fact in existence. He seems to hope additional discovery will create them, which is an improper use of Rule 56(d). *See Graham v. Mukasey*, 608 F. Supp. 2d 50, 54 (D.D.C. 2009) (holding that Rule 56(d) is not "designed to allow 'fishing expeditions,' and that plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiffs' case."). Plaintiff fails to offer specific facts that would advance his case; instead, he assumes that the "shear magnitude" of sales will present some sort of factual question. However, in context of this Court's order and GAI's Motion for Summary Judgment, the pertinent factual issue is whether GAI sold product GH715AW to the United States government. Plaintiff fails to acknowledge this or demonstrate why the discovery he seeks is necessary to the litigation of this issue.

Next, plaintiff must demonstrate good cause for his inability to present the facts in his current opposition. "[T]he rule is not properly invoked to relieve counsel's lack of diligence." *Carpenter*, 174 F.3d at 237. In the instant case, the Court finds no evidence of sloth by plaintiff. In fact, the original motions for summary judgment were filed only days after discovery was opened to the parties. Opp'n to GAI at 5. Therefore, plaintiff satisfies this element.

Lastly, plaintiff must prove that the facts are actually discoverable. This third element in intertwined with the first—how can the Court ascertain which facts are discoverable if they are not specifically described? In this case, plaintiff fails to specify exactly what facts he intends to

---

[7] For arguments related to GP, *see* Pl.'s Opp'n to GP's Mot. Summ. J. [158].

uncover through discovery.  Because of the vagueness of plaintiff's request, he is unable to prove

that what he seeks is actually discoverable.  Since the first and third elements of this D.C. Circuit

test have not been satisfied, the Court denies plaintiff's 56(d) request for additional discovery

related to GAI.

2.      *Material Issues within the Record*

Since plaintiff's 56(d) request has been denied, summary judgment can be defeated only

from existing evidence.  The nonmoving party must establish more than a "scintilla of evidence"

in support of his position.  *Anderson*, 477 U.S. at 252.  Based on the record before it, the Court

finds that plaintiff has provided no evidence of a genuine dispute about the sale of product

number GH715AW.  Plaintiff offers the following rebuttal to GAI's evidence that it never sold

product number GH715AW:

> In support of its motion for summary judgment, GAI argues that it has never
> made a sale of part/product GH715AW.  As such, GAI argues that it did not
> submit false claims as to these six products.  However, contrary to GAI's
> assertions, based on the concurrently filed Declaration of Jeremy Albright, Ph.D.,
> beginning in May 2007, the 6910p laptop computer and HP part number
> GH715AW has always been listed as being made in China on Country of Origin
> worksheets.  Moreover before May 2007, HP part number GH715AW did not
> appear on any Country of Origin worksheet, which creates a material disputed
> fact as to the country of origin of the part prior to May 2007 . . . .  Thus, without
> question, there are material issues of disputed facts as to whether the 6910p
> notebook computers were manufactured in a designated country at the time that
> GAI sold them to the United States Government.

Opp'n to GAI at 15–16 (citations omitted).  The glaring deficiency in plaintiff's opposition is

any evidence that GAI *actually sold* product number GH715AW.  The country of origin only

matters insofar as a company sold that product to the government.  As the Court recently stated,

no sale means no violation of FCA.  *See* May 3, 2012 Mem. Op. at 6–7.  Though plaintiff

submitted many exhibits and many arguments, none of them dealt with the actual sale of this

product.  His opposition concludes that "GAI sold them to the United States Government," yet it

13

offers no evidence of the sale or an explanation about how focused discovery could lead to evidence about the sale.  *See* Opp'n to GAI at 15–16.

The Court finds no genuine issue of material fact regarding defendant GAI.  The only product at issue is GH715AW, which GAI contends it never sold.  Plaintiff has failed to provide *any* evidence contradicting this assertion or to demonstrate that further discovery would assist his endeavor.  Therefore, summary judgment shall be granted as to GAI.

### b.  Defendant Govplace's Motion for Summary Judgment

Plaintiff was ordered to amend his opposition to Govplace's summary judgment and instructed that his opposition must be "addressed solely to the transactions alleged in ¶¶ 117–18 of the Corrected Second Amended Complaint, and any request made pursuant to Rule 56(d) in that opposition must describe the necessary discovery with specificity[.]"  Order at 2.  The subject matter of those paragraphs is product numbers EV266AA, EY685AW, Q5403A, 41657-B21, AG052A, Q4503A, RM266UA, CB367A, and Q5983A, which plaintiff alleges were sold in violation of TAA.  Compl. ¶¶ 117–18.  No other products were to be discussed, since they fell outside paragraphs 117 and 118.  *See* May 3, 2012 Mem. Op.; Order at 1–2.

Count II of the Complaint states, "Defendants knowingly submitted, and caused to be submitted, false or fraudulent claims for payment and reimbursement by the United States Government *after May 20, 2009 . . . .*"  Compl. ¶ 140 (emphasis in original).  All of the alleged transactions occurred prior to May 20, 2009.  *See* Compl. ¶ 117 (alleging sales only in 2007 and 2008).  Because these are the only transactions that remain at issue with GP and Count II is limited to transactions after May 20, 2009, it can be dismissed as to GP.  This leaves only Count I, making the same allegation for transactions prior to May 20, 2009.  *See* Compl. ¶¶ 134–37.

Again, the majority of plaintiff's Supplemental Opposition to GP's Motion for Summary Judgment ("Opp'n to GP") is filled with arguments for claims that have already been dismissed. However, plaintiff does provide discovery concerns over GP's four major defenses: (1) sales under a FirstSource Contract, (2) sales of products the COO of which was represented to GP by its distributor, Ingram Micro, (3) "open market" sales of products not listed on GP's GSA Schedule Contract, and (4) sales made by a third party.  The Court will address each of these issues in turn regarding plaintiff's 56(d) request and, if denied, whether a genuine issue of material fact already exists in the record.

*1.   FirstSource Contract*

GP contends that it is entitled to judgment as a matter of law regarding product numbers RM266UA and CB367A, which were sales made under a FirstSource Contract.  GP's Mot. Summ. J. at 8.  It argues that as a 100% Small Business Set-Aside, the contract is exempt from TAA requirements.  *Id.*  FAR subsection 25.4, which deals with trade agreements, "does not apply to acquisitions set aside for small businesses."  FAR 25.401(a)(1).  Plaintiff offers no evidence to dispute this analysis, stating only that he requests discovery regarding "GP's FirstSource Contract and how transactions under that agreement are allegedly exempt from the TAA."  Opp'n to GP at 10.

GP's argument is based on two types of documents: statutes and its contract.  The statutes are publicly available, and the relevant portions were also in GP's Motion for Summary Judgment.  *See* GP's Mot. Summ. J. at 20–21.  GP provided the contract as Exhibit E to its Motion for Summary Judgment.  Plaintiff fails to specify what particular discovery he desires regarding the FirstSource contract, and the Court is unable to conjure up anything else plaintiff might need in this regard.  GP is correct that with the contract disclosed, this is a purely legal

issue.  *See* GP's Reply at 7–8.  Either the contract is exempt under the statute or it is not.

Because plaintiff has failed to specify what facts he intends to discover and why they are

necessary to the litigation, this Rule 56(d) request is denied.  *See Convertino*, 2012 WL 2362591

at *5.

      When deciding summary judgment, the Court accepts as true facts the moving party files

in its statement of material facts unless the non-moving party controverts them.  LCvR 7(h); *see*

*also Potter v. District of Columbia*, 558 F.3d 542, 549 (D.C. Cir. 2009) ("On summary

judgment, the district court is to give credence to uncontroverted and unimpeached evidence

supporting the moving party . . . .").  Since plaintiff offers absolutely no evidence refuting GP's

motion for summary judgment, there is no genuine issue of material fact, and summary judgment

will be granted regarding products RM266UA and CB367A.

### 2.  *Representations by Ingram Micro*

      GP contends that it is entitled to judgment as a matter of law regarding product numbers

Q4503A, 416577-B21, AG052A, Q5403A, and Q5983A because its distributor, Ingram Micro,

confirmed that the products were TAA-compliant.  GP's Mot. Summ. J. at 21–22.  It argues that

it justifiably relied on its distributors certification that the "Products offered by the manufacturer

are compliant with the Trade Agreement Act."  *Id.*  A proper FCA claim is composed of three

elements: (1) the defendant presented a claim for payment or approval to the government, (2) the

claim was "false or fraudulent," and (3) the defendant acted knowing that the claim was false.

*United States* ex rel. *Schwedt v. Planning Research Corp.*, 59 F.3d 196, 198 (D.C. Cir. 1995).

Reliance on its distributor for TAA compliance falls under the third element: knowing that the

claim was false.  GP does not argue that these five products were produced in TAA-compliant

countries; rather, it argues that its reliance upon Ingram Micro negates any knowledge that its claim was false.  GP's Mot. Summ. J. at 21–22.

In response, plaintiff points to 31 U.S.C. § 3279(b)(1), which states that the "knowing" element is satisfied by "reckless disregard of the truth or falsity of the information" contained in or supporting GP's claim.  Opp'n to GP at 11.  He requests additional discovery relating to: "(a) if GP actually relied upon Ingram Micro; (b) whether GP had information in its possession which indicated that the products sold to the Government were not TAA-compliant; and (c) whether its conduct was in reckless disregard of the truth."  *Id.* at 9.

Considering the three elements of a successful 56(d) discovery request, plaintiff has satisfied the first by specifying what information he seeks and its relevance to the litigation.  *See id.*; *Convertino*, 2012 WL 2362591 at *5.  Next, plaintiff must explain why he could not produce the facts in his opposition to summary judgment.  *Id.* (citing *Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999).  He did so by explaining that summary judgment was filed within days of the opening of discovery, which cut short his opportunity for discovery.  *See* Opp'n to GP at 4.  There also seems to be a dispute about whether GP gave any initial disclosures to plaintiff.  *See id.* at 5; GP's Reply at 9 n.5.

Finally, plaintiff must demonstrate that the facts are actually discoverable.  *Convertino*, 2012 WL 2362591 at *5 (citing *Messina*, 439 F.3d at 762).  To discover the evidence he seeks, plaintiff requests to depose GP's affiant, Adrianne Angle and a 30(b)(6) representative.  Opp'n to GP at 9.  The *Convertino* court wrote, "At the very least, a deposition or document disclosure . . . may produce information . . . .  Considering the 'generous approach' the district court should take in deciding a Rule 56(f) motion . . . we believe the district court committed an abuse of discretion in denying Convertino's Rule 56(f) motion."  *Convertino*, 2012 WL 2362591 at *7.  In

light of *Convertino*'s generous approach, the Court finds focused discovery to be appropriate

regarding GP's reliance upon Ingram Micro.  GP provides no case law in support of its position

on this issue, and plaintiff deserves the chance to rebut its arguments.  GP does not refute that it

sold the products, and it does not refute that they were from non-TAA compliant countries.

Therefore, the focus moves to scienter.  The Court finds summary judgment to be premature

regarding these five products until plaintiff has an adequate opportunity to conduct *focused*

discovery on GP's reliance on Ingram Micro.  For these five products, plaintiff's 56(d) request

for these products is granted and GP's Motion for Summary Judgment is denied.

### 3.  "Open Market" Sales

GP claims that summary judgment is appropriate regarding product number EY685AW

because it was not listed on its GSA Schedule Contract and was sold on the "open market"

without any representation of its COO.  GP's Mot. Summ. J. at 10.  It adds that the sale totaled

less than the TAA threshold of $193,000 at the time of sale.  *Id.*  Plaintiff responds by simply

requesting to depose Angle and a 30(b)(6) representative about "GP's Open Market Sales."

Opp'n to GP at 9–10.  This is not adequately specific, per this Court's May 3, 2012 Order.  GP

has disclosed its contracts for this product as Exhibits O and P of its Motion for Summary

Judgment.  Again, plaintiff is free to compare the contracts with applicable statutes.  He fails to

explain what precisely he wishes to garner from a deposition and why it would be necessary for

the litigation.  *See Convertino*, 2012 WL 2362591 at *5.  Therefore, plaintiff's 56(d) request is

denied and summary judgment is proper as to regarding product number EY685AW.

### 4.  Third Party Sales

GP claims that summary judgment is proper regarding product number EV266AA

because it was sold by a third party, not GP.  GP's Mot. Summ. J. at 10–11.  The product was not

listed on its GSA Schedule Contract.  *Id.*  GP was in an "Authorized Government Teaming Agreement" with New Tech, who sold EV266AA and made all relevant representations about the product.  *Id.* at 11; SUMF ¶¶ 35–40.

First, the Court must decide if plaintiff's 56(d) request should be granted as to EV266AA. Plaintiff asserts his 56(d) defense for each of paragraphs 35 through 40 of GP's SUMF.  *See* Pl.'s SUMF [158-15] ¶¶ 35–40.  The boilerplate discovery request asks for information regarding, *inter alia*, Ingram Micro, FirstSource contracts, Open Market transactions, and all other claims for exemptions from TAA requirements.  *Id.*  However, nowhere are product number EV266AA, New Tech, third party contract, or "Teaming Agreement" ever mentioned.  Nothing in plaintiff's response gives the Court confidence that further discovery will further this litigation, especially when GP's contract with New Tech is included as Exhibit Q to GP's Motion for Summary Judgment.  Plaintiff's request is inappropriately vague; therefore, his 56(d) request is denied and summary judgment is denied.

Next, the Court must determine if summary judgment is appropriate based on facts in the record.  When deciding summary judgment, the Court accepts as true facts the moving party files in its statement of material facts unless the non-moving party controverts them.  LCvR 7(h); *see also Potter*, 558 F.3d at 549.  Plaintiff has failed to controvert or impeach any of GP's statements regarding EV266AA.  Instead, he inappropriately requests additional discovery when he already has GP's contract with New Tech.  *See* GP's Mot. Summ. J. at 11, Ex. Q.  The Court, bound by Local Rule 7(h), must give credence to GP's assertions regarding EV266AA because they are completely uncontroverted.  Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.  Therefore, summary judgment is granted as to product number EV266AA.

**V.    Conclusion**

Before the Court is defendant GAI's Motion for Summary Judgment as to product number GH715AW.  This Court concludes that there is no genuine issue of material fact remaining and that summary judgment is proper.

Also before the Court is defendant GP's Motion for Summary Judgment as to product numbers EV266AA, EY685AW, Q5403A, 41657-B21, AG052A, Q4503A, RM266UA, CB367A, and Q5983A. The Motion is granted in part and denied in part.  Count II is dismissed because all relevant transactions took place prior to May 20, 2009. The Court finds that for product numbers RM266UA, CB367A, EY685AW, and EV266AA, no genuine issue of material fact remains and summary judgment is proper.  However, plaintiff's 56(d) discovery request is granted as to product numbers Q5403A, 41657-B21, AG052A, Q4503A, and Q5983A.  Plaintiff is entitled to the *focused* discovery specified in the accompanying Order regarding these transactions.

A separate order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on July 27, 2012.